278 P.2d 132

Evelyn Lena POAGE, Plaintiff-Appellant,

v.

Douglas William POAGE, Defendant-Appellee.

No. 5837.

Supreme Court of New Mexico.

Dec. 22, 1954.

W. T. O'Sullivan, Heister H. Drum, Albuquerque, for appellant.

Seth & Montgomery, Santa Fe, for appellee.

McGHEE, Chief Justice.

The parties to this action were granted a divorce and the plaintiff below seeks a reversal of that part of the judgment

awarding her $1,500 for her share of the community property and "liquidated" alimony. We will refer to the parties as they appeared in the court below.

The plaintiff assigns nine errors based on claimed erroneous findings of fact and conclusions of law. She also asserts as error the refusal of the trial court to honor her election (made after the trial judge had announced his decision) to take over the property and assume the indebtedness due thereon.

The plaintiff makes but two points, however, to secure a reversal. They read as follows:

"Point One. The trial judge acted without justification in evaluating the ranchlands on the basis of multiplying the carrying-capacity by two-and-one-half times the value of a grown cow, and also in declaring a debt amounting to $61,000 against said 'La Mesita Ranch' as apart from the debt of $64,088 against the cattle thereon."

"Point Two. Where an estate, as in the case at bar, is so encumbered and has so depreciated in value that an immediate division thereof as between husband and wife would work an injustice to both and probably destroy any equities they might have in the property, an equity court in granting a divorce should seek to preserve the property, either by the appointment of a receiver or by some method of maintaining the same, until the eventual liquidation thereof in the most equitable manner."

We will first dispose of the point complaining about the valuation of the ranch consisting of 19,000 acres, located south of Santa Fe. The defendant in cross-examination of one of the plaintiff's witnesses brought out testimony that some loan agencies establish the market value of ranches by multiplying the carrying capacity of the lands by a multiple representing two and one-half times the value of a grown cow, the value of a grown cow being found to be $70. By employing this method, based on a total carrying capacity annually of 350 cows, the value of the ranch was $70,000. The defendant testified this method of evaluation was sound. The trial court adopted it in determining the value of the ranch, and also found there was an indebtedness of $61,000 against the land. The trial court further found the market value of the cattle in which the defendant had an interest to be approximately $28,000 against which there was an indebtedness of $64,088. It should be mentioned the ranch and cattle constitute assets of the partnership of the defendant, who owns a 25.5194 percent interest, and one named Noelke, owner of the remaining interest.

To overturn the resulting valuation the plaintiff relies upon her showing the de-

fendant and his partner bought the ranch in March, 1950, for $112,500 and thereafter listed it with a real estate agency for sale for $190,000. She also shows a small part of the ranch was sold for widening a highway at the rate of $15 per acre. There was no testimony except that set out above as to the reasonable market value of the ranch.

■ As the matter is presented here, we cannot say the carrying capacity of the ranch, taking into consideration the market price of the cows run thereon, is not a proper matter for consideration. Nevertheless, this opinion should not be understood as saying such method of computation alone is determinative of the value. We feel the location of the lands and the presence of improvements and roads should also be taken into consideration in determining the real question—that is, the reasonable market value of the ranch. The plaintiff, however, is in no position to complain of the method used as she requested a finding using that method although also asserting an additional valuation should be placed thereon due to the fact the ranch is located on both sides of the highway some 22 miles south of Santa Fe. But the plaintiff offered no testimony when the case was tried in March, 1954, or at any other time, as to what the valuation was or how much should be added because of the location of the ranch. Nor is there testimony in the record as to what improvements are on such ranch.

■ As to the latter part of the first point which questions the action of the trial court in declaring a debt amounting to $61,000 against the ranch, apart from an indebtedness of $64,088 against the cattle thereon, we feel a sufficient answer is that such amounts represent the mortgage indebtedness against the ranch and cattle respectively.

■ With regard to the second point, we do not find any application to the trial court for the appointment of a receiver, the matter being raised here for the first time. In such cases as this, we sit as an appellate court—not one of original jurisdiction. If the plaintiff wanted a receiver she should have asked for one below.

■ The award to the wife of a lump sum as her part of the community instead of a division in kind was due, no doubt, to the heavy indebtedness, and the theory upon which the parties themselves tried the case.

■ The application for an award of additional fees for plaintiff's counsel was contingent on a reversal here and therefore is not allowed.

The judgment will be affirmed. It is so ordered.

SADLER, COMPTON, LUJAN and KIKER, JJ., concur.